UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE T. BROOKS                                     CIVIL ACTION

VERSUS                                              NO: 15-754

LOUISIANA STATE BOARD OF                            SECTION: "A" (4)
PRACTICAL NURSE EXAMINERS

## **ORDER**

Before the Court is a **Motion to Dismiss (Rec. Doc. 13)** filed by the Louisiana State Board of Practical Nurse Examiners. Pro se plaintiff Diane T. Brooks has filed an opposition to the motion (Rec. Doc. 14). The motion, submitted for consideration on June 3, 2015, is before the Court on the briefs without oral argument.

Plaintiff Diane T. Brooks has filed this pauper action pro se against the Louisiana Board of Practical Nurse Examiners ("the Board"). The Court gleans from Plaintiff's complaint that even though the Board reinstated her LPN[1] license on February 26, 2015, (Complaint ¶ 2), the complainant (Uptown Healthcare, LLC) in an investigation against her has submitted additional information to the Board, and the Board now intends to convene additional hearings (Complaint ¶ 4). The relief that Plaintiff seeks from this Court is unclear from the Complaint. However, in Plaintiff's opposition she suggests that the purpose of her action in this Court is to obtain injunctive relief against the Board to prevent it from continuing to violate her rights (Rec. Doc. 14 at 2 ¶ 3).[2]

---

[1] <u>L</u>ouisiana <u>P</u>ractical <u>N</u>urse

[2] In Civil Action 14-588, Plaintiff had sued the Board and several other individuals, who the Court assumes are members of the Board, in conjunction with the Board's decision to revoke her license in January 2014. That action refers to a complaint by Woodland Village Nursing regarding Plaintiff's treatment of patients. (CA14-588; Rec. Doc. 3). Plaintiff voluntarily dismissed that case on June 25, 2014.

The Board now moves to dismiss the complaint arguing that the Court lacks subject matter jurisdiction over this action because the Board has Eleventh Amendment immunity from suit in federal court. The Board subjoins that Plaintiff has failed to state a claim upon which relief can be granted.

The Board is a state agency within the Louisiana Department of Health and Hospitals. *See* La. R.S. § 37:962. To the extent that Plaintiff seeks redress against the Board under 42 U.S.C. § 1983 for violations of her constitutional rights, Plaintiff fails to state a claim for relief because the Board is not a "person" subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). To the extent that Plaintiff seeks to sue the Board under state law, Eleventh Amendment immunity precludes suit in a federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Finally, the exception to Eleventh Amendment immunity carved out by the decision in *Ex Parte Young*, 209 U.S. 123 (1908), has no application in suits against States and their agencies; those suits are barred regardless of the relief sought. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc.13)** filed by the Louisiana State Board of Practical Nurse Examiners is **GRANTED**. Any claims asserted against the Board under federal law are **DISMISSED with prejudice**. any claims asserted against the Board under state law are **DISMISSED without prejudice**.

June 9, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE